T.C. Memo. 1996-436


UNITED STATES TAX COURT


CONNIE D. RAY AND ROMA KAY RAY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21636-94.              Filed September 25, 1996.


<u>Ron Lewis</u>, for petitioners.

<u>Candace M. Williams</u>, for respondent.


MEMORANDUM OPINION

KÖRNER, <u>Judge</u>:  Respondent determined deficiencies in and
accuracy-related penalties on petitioners' Federal income taxes
for the years and in the amounts as follows:

| Year | Deficiency | Penalty Sec. 6662 |
|------|-----------|-------------------|
| 1990 | $1,859 | $372 |
| 1991 | 6,891 | 1,378 |
| 1992 | 1,157 | 231 |

All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.

By stipulation of the parties, this case was submitted under Rule 122. By further stipulation, petitioners have conceded the deficiencies in tax that were determined by respondent for the years 1991 and 1992. As to the year 1990, petitioners have conceded all respondent's adjustments to income except respondent's determination that petitioners' receipt of $43,469 of income in that year constituted income subject to self-employment tax, rather than rental income as claimed by petitioners. As to the penalties, petitioners have explicitly not conceded the determined penalties for the years 1991 and 1992; the determined penalties for the year 1990 are not mentioned in the parties' stipulation of settled issues, and we therefore consider this item still to be in dispute.

Petitioners Connie D. Ray and Roma Kay Ray, husband and wife, filed joint income tax returns for the years 1989, 1990, 1991, and 1992. At the time the petition herein was filed, petitioners were residents of Texas.

In the years in question, petitioner Connie Ray was engaged in the active trade or business of farming and/or cattle grazing. In addition to the land that he already owned and used for these purposes, petitioners purchased an additional 1,022 acres of land in the years 1987 and 1989. This land, known hereafter as the CRP land, had been placed under contract by the prior owner with the Commodity Credit Corp. (CCC) in the Federal Conservation Reserve Program (CRP) for a 10-year period. Upon acquisition of this tract, petitioner executed an agreement with the CCC to continue the contract that existed with respect to these tracts of land. The CRP contract required petitioner to maintain vegetative ground cover, to undertake conservation practices to reduce soil erosion, and to carry on other activities to sustain the productive capacity of the land. The contract also provided the following: (1) Petitioners were not permitted to graze, harvest, and/or use the land for any other commercial reasons; and (2) the CCC was required to pay petitioners an annual fee per acre. In 1990, apparently in accordance with the contract with CCC, petitioner did not farm the property, but he did apply herbicide and shredded natural grasses to the CRP tract. For 1989, 1991, and 1992, petitioners reported income from CRP (CCC) on Schedule F of their tax returns as self-employment income. However, for the year 1990, petitioners reported such income from CRP as farm rental income not subject to self-employment tax.

They did, however, apparently deduct the expenses incurred on the CRP land as expenses incurred in a trade or business on Schedule F of their return; i.e., taxes, interest, shredding, spraying, and depreciation.

Initially, we note that there is no dispute as to the taxability of the CRP receipts to petitioners in 1990 as being ordinary taxable income. Petitioners concede that this is so, and so reported it in their 1990 return. The dispute is rather whether such income received by petitioners is income from self-employment and subject to the tax thereon.

Section 1401 imposes taxes on the self-employment income of every individual, and this is in addition to the ordinary income tax. Section 1402(a) defines an individual's net earnings from self-employment as the "gross income derived by an individual from any trade or business carried on by any such individual", and, in turn, section 1402(b) defines self-employment income as the "net earnings from self-employment derived by an individual".

In considering the application of this tax, this Court has stated that the income in question must derive from a trade or business carried on by an individual, and that there must be a nexus between such trade or business and the income that the individual has received. In Newberry v. Commissioner, 76 T.C. 441, 444 (1981), the taxpayers received insurance proceeds intended to compensate them for lost income after their grocery

business was destroyed by fire. The Court found that these "business interruption proceeds" did not constitute self-employment income because the taxpayers' failure (inability) to operate the grocery store business after the fire was what gave rise to the payment of the proceeds: that event caused the complete cessation of business activity. The Court thus deemed that the insurance proceeds did not come from self-employment.

The situation presented in <u>Newberry</u> is not present in the instant case. Petitioner Connie Ray was a farmer and rancher and had apparently been so for some years. He owned and operated farmlands in Texas. As an addition to his holdings, he acquired the CRP tract and, by agreement with the CCC, he continued in effect the existing contractual relationship under the CRP program. Under this program, he was required to tend and nourish the land, fight diseases, and control soil erosion. What he could not do is to farm or graze the land. In other words, in return for nurturing and conserving the CRP acreage, but not farming or grazing it, he would and did receive a fee from CCC. Since the CRP acreage was added to his existing farmland, and since petitioner Connie Ray was already in the business of farming and ranching, this was a payment to him in connection with his ongoing trade or business. There is no evidence in the record that the CCC would have included the acreage here in question in the CRP program, and would have paid petitioners

money for not farming it, if the land were not appropriate for farming in the first place.

Supporting our conclusion herein, we consider the provisions of Rev. Rul. 60-32, 1960-1 C.B. 23.  In this ruling, it was emphasized that there should exist a connection or nexus between the payments received by the taxpayer and some trade or business from which they were derived. Rev. Rul 60-32, supra, specifically concludes that earnings are from self-employment if the taxpayer derives them from his operation of a farm.  While we recognize that respondent's revenue rulings do not have the force or effect of law, they can still be helpful in interpreting the statute, as is Rev. Rul. 60-32, supra, in the present case.  See Stubbs, Overbeck & Association, Inc. v. United States, 445 F.2d 1142 (5th Cir. 1971).  In this case, we are satisfied that the payments that petitioner Connie Ray received from the CRP program were in return for caring for the farmland that he owned, as required by the contract with CCC.  Petitioner Connie Ray was an active farmer/rancher with respect to additional acreage, and the payments received here had a direct nexus to his trade or business.  We think that these payments were income that was subject to the self-employment tax of section 1401, and we decide this issue in favor of respondent.

We have left for consideration the imposition of penalties under section 6662, which were determined by respondent for each

of the years in issue. This case was submitted to the Court on a basis of a brief stipulation of facts, and no trial was held. In this limited and scanty record that we have before us, there is no evidence to show any error on the part of respondent in determining the penalties that are in issue here. In cases such as this, where respondent has determined additions to the tax or penalties under section 6662, the burden of proof to show error by respondent is placed upon petitioner. Rule 142(a); <u>Neely v. Commissioner</u>, 85 T.C. 934 (1985); <u>Bixby v. Commissioner</u>, 58 T.C. 757 (1972); <u>Enoch v. Commissioner</u>, 57 T.C. 781 (1972). Except for the one substantive issue that we have decided, petitioner conceded all other adjustments to income for the years in issue. We cannot tell what attempts, if any, petitioners made to report their income tax in a proper and accurate manner. This being true, we cannot hold that respondent was in error in making the determinations of penalties under section 6662.

<u>Decision will be entered</u>

<u>for respondent</u>.